IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CARAFEM, on behalf of itself, its physicians and staff, and its patients; DR. KIMBERLY LOONEY, on behalf of herself and her patients; and DR. NIKKI ZITE, on behalf of herself and her patients,<br>Plaintiffs,<br><br>v.<br><br>HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR.,M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; HONORABLE AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,<br>Defendants. | CIVIL ACTION<br>CASE NO. 3:20-cv-00501<br>JUDGE CAMPBELL |

# **ANSWER**

1

Defendants Herbert H. Slatery III, Lisa Piercey, Rene Saunders, W. Reeves Johnson, Jr., Amy P. Weirich, Glenn Funk, Charme P. Allen, and Tom P. Thompson, Jr., in their official capacities only, ("Defendants") hereby answer the complaint as follows:

## I. PRELIMINARY STATEMENT

1. Admitted that "[t]he Act will become effective immediately upon the Governor's signature." All other allegations are denied.

2. Defendants submit that the Act speaks for itself, but deny any allegations in 2(a)-(l) that the provisions of § 39-15-216(c) are "bans." Defendants deny the provisions of § 39-15-216(c) are collectively referenced as "Cascading Bans," but Defendants will reference them as "Cascading Restrictions." All other allegations in Paragraph 2, not addressed in 2. (a) – (l), are denied.

    a. Defendants submit that Act § 39-15-216(c)(1) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child has a fetal heartbeat."

    b. Defendants submit that Act § 39-15-216(c)(2) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is six (6) weeks gestational age or older unless, prior to performing or inducing the abortion, or attempting to perform or induce the abortion, the physician affirmatively determines and records in the pregnant woman's medical record that, in the physician's good faith medical judgment, the unborn child does not have a fetal heartbeat at the time of the abortion."

    c. Defendants submit that Act § 39-15-216(c)(3) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is eight (8) weeks gestational age or older."

d. Defendants submit that Act § 39-15-216(c)(4) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is ten (10) weeks gestational age or older."

e. Defendants submit that Act § 39-15-216(c)(5) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is twelve (12) weeks gestational age or older."

f. Defendants submit that Act § 39-15-216(c)(6) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is fifteen (15) weeks gestational age or older."

g. Defendants submit that Act § 39-15-216(c)(7) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is eighteen (18) weeks gestational age or older."

h. Defendants submit that Act § 39-15-216(c)(8) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is twenty (20) weeks gestational age or older."

i. Defendants submit that Act § 39-15-216(c)(9) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is twenty-one (21) weeks gestational age or older."

j. Defendants submit that Act § 39-15-216(c)(10) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is twenty-three (23) weeks gestational age or older."

k. Defendants submit that Act § 39-15-216(c)(11) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is twenty-two (22) weeks gestational age or older."

l. Defendants submit that Act § 39-15-216(c)(12) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman whose unborn child is twenty-four (24) weeks gestational age or older."

3. Defendants deny the Plaintiffs' characterizations of the constitutionality of the Act's provisions, the characterization of the provisions as "bans," and the assumption that "each" will be found unenforceable. Defendants admit that the Act is severable as set forth in § 39-15-216(h), which speaks for itself.

4. Defendants submit that the Act speaks for itself. Defendants deny that the act's provisions should be referenced as "Prohibited Reasons." Defendants deny the other allegations in Paragraph 4 which were not addressed in 4(a) – (c).

a. Defendants submit that the Act § 39-15-217(b) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman if the person knows that the woman is seeking the abortion because of the sex of the unborn child."

b. Defendants submit that the Act § 39-15-217(c) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman if the person knows that the woman is seeking the abortion because of the race of the unborn child."

c. Defendants submit that the Act § 39-15-217(d) speaks for itself and admit it provides "A person shall not perform or induce, or attempt to perform or induce, an abortion upon

4

a pregnant woman if the person knows that the woman is seeking the abortion because of a prenatal diagnosis, test, or screening indicating Down syndrome or the potential for Down syndrome in the unborn child."

5. Admitted that "[e]xisting Tennessee law already proscribes abortion after viability," but Defendants submit that Tenn. Code Ann. § 39-15-211(b)(1) speaks for itself. All other allegations are denied.

6. Denied.

7. *Planned Parenthood of Se. Pa. v. Casey* speaks for itself. Defendants deny Plaintiffs' characterizations of *Casey* or the Act.

8. Defendants admit that the Act passed both Houses of the General Assembly and has been signed by Governor Lee.

9. Defendants admit that plaintiffs assert these allegations as their purported reasons for bringing the lawsuit.

10. Denied.

## II. JURISDICTION AND VENUE

11. Denied, in part due to a lack of standing and subject-matter jurisdiction.

12. Denied, in part due to a lack of standing and subject-matter jurisdiction.

13. To the extent this court has jurisdiction, Defendants admit the allegations of this paragraph

## III. PLAINTIFFS

14. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

15. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

16. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

17. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

18. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

19. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

**IV.　DEFENDANTS**

20. The cited statutes and case speak for themselves. The remaining allegations in this paragraph are admitted.

21. The cited statute speaks for itself. The remaining allegations in this paragraph are admitted.

22. The cited statute and rule speak for themselves. The remaining allegations in this paragraph are admitted.

23. The cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

24. Defendants admit that Amy Weirich is the District Attorney General for the 30th Judicial District, which encompasses Shelby County, and submit that the cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

25. Defendants admit that Glenn R. Funk is the District Attorney General for the 20th

Judicial District, which encompasses Davidson County and Metropolitan Nashville, and submit that the cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

26. Defendants admit that Charme P. Allen is the District Attorney General for the 6th Judicial District, which encompasses Knox County, and submit that the cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

27. Defendants admit that Tom P. Thompson, Jr., is the District Attorney General for the Judicial District, which encompasses Wilson County, and submit that the cited statutes speak for themselves. The remaining allegations in this paragraph are admitted.

### V. THE CHALLENGED LAWS

28. Defendants submit that, as part of the Cascading Restrictions, the cited statute speaks for itself.

29. Defendants submit that the cited statutes speak for themselves.

30. Defendants submit that *Colautti v. Franklin* speaks for itself.

31. Defendants submit that the cited statute speaks for itself.

32. Defendants submit that the cited statute speaks for itself. The remaining allegations in this paragraph are denied.

33. Defendants admit that the Act is severable, should any provision or provisions be found "unenforceable, unconstitutional, or invalid," and submit that the cited statute speaks for itself. All other allegations are denied.

34. Defendants admit that under the anti-discrimination portions of the Act, "[a] person shall not perform or induce, or attempt to perform or induce, an abortion upon a pregnant woman if the person knows that the woman is seeking the abortion because of the sex of the unborn child,"

7

"the race of the unborn child," or "a prenatal diagnosis, test, or screening indicating Down syndrome or the potential for Down syndrome in the unborn child." The cited statutes speak for themselves. All other allegations are denied.

35. Defendants admit that the Act is severable, should any provision or provisions be found "unenforceable, unconstitutional, or invalid," and submit that the cited statute speaks for itself. All other allegations are denied.

36. Admitted, and Defendants submit that the cited statutes speak for themselves. Defendants further dispute Plaintiffs' characterizations that the fetal age or discrimination restrictions are "bans."

37. Admitted, but Defendants submit that the cited statutes and rule speak for themselves and Defendants dispute Plaintiffs' characterizations that the fetal age or discrimination restrictions are "bans."

38. Admitted, but Defendants submit that the cited statutes and rule speak for themselves.

39. Defendants submit that the Act speaks for itself.

40. Defendants submit that the cited statutes speak for themselves.

41. Defendants submit that the cited statute speaks for itself.

42. Defendants submit that the cited statutes speak for themselves and Defendants dispute that the fetal age or discrimination restrictions are "bans."

## VI. FACTUAL ALLEGATIONS

43. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

8

Case 3:20-cv-00501 Document 43 Filed 07/27/20 Page 8 of 17 PageID #: 777

44. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

45. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

46. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

47. Defendants are without sufficient information to admit or deny the allegations in this paragraph.

48. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

49. Defendants submit that the Tennessee Department of Health ITOP data speaks for itself.

50. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

51. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

52. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

53. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

54. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

55. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

56. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

57. Admitted.

58. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

59. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

60. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

61. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

62. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

63. *Planned Parenthood of Se. Pa. v. Casey* speaks for itself. All other allegations are denied.

64. Admitted.

*65.* Defendants submit that *Colautti v. Franklin* speaks for itself.

66. Defendants submit that *Colautti v. Franklin* and *Planned Parenthood of Central Mo. v. Danforth* speak for themselves.

67. Defendants submit that the cited statute speaks for itself.

68. Defendants submit that the cited statute speaks for itself, and Defendants deny that it is a "ban."  Defendants submit that the article cited in footnote 14 speaks for itself and are without sufficient information to admit or deny Plaintiffs' characterizations of it.

69. Defendants lack sufficient information to admit or deny the allegations in this paragraph.  Defendants submit that the article cited in footnote 15 speaks for itself and are without sufficient information to admit or deny Plaintiffs' characterizations of it.

70. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

71. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

72. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

73. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

74. Defendants submit that the cited statutes and Tennessee's existing regulations speak for themselves.  Defendants lack sufficient information to admit or deny the allegations of the last two sentences of this paragraph.

75. Defendants submit that the cited statute speaks for itself.  Defendants lack sufficient information to admit or deny the remaining allegations.  Defendants submit that the article cited in footnote 16 speaks for itself and are without sufficient information to admit or deny Plaintiffs' characterizations of it.

76. Defendants submit that cited statute speaks for itself and deny Plaintiffs' characterizations of it.  Defendants admit the allegations of footnote 17.

11

Case 3:20-cv-00501   Document 43   Filed 07/27/20   Page 11 of 17 PageID #: 780

68. Defendants submit that the cited statute speaks for itself, and Defendants deny that it is a "ban."  Defendants submit that the article cited in footnote 14 speaks for itself and are without sufficient information to admit or deny Plaintiffs' characterizations of it.

69. Defendants lack sufficient information to admit or deny the allegations in this paragraph.  Defendants submit that the article cited in footnote 15 speaks for itself and are without sufficient information to admit or deny Plaintiffs' characterizations of it.

70. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

71. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

72. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

73. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

74. Defendants submit that the cited statutes and Tennessee's existing regulations speak for themselves.  Defendants lack sufficient information to admit or deny the allegations of the last two sentences of this paragraph.

75. Defendants submit that the cited statute speaks for itself.  Defendants lack sufficient information to admit or deny the remaining allegations.  Defendants submit that the article cited in footnote 16 speaks for itself and are without sufficient information to admit or deny Plaintiffs' characterizations of it.

76. Defendants submit that cited statute speaks for itself and deny Plaintiffs' characterizations of it.  Defendants admit the allegations of footnote 17.

77. Defendants submit that the cited statute speaks for itself and deny Plaintiffs' characterizations of it.

78. Defendants lack sufficient information to admit or deny the allegations of this paragraph.

79. Defendants submit that the Act speaks for itself. Defendants lack sufficient information to admit or deny all other allegations. Defendants dispute that the fetal age or discrimination restrictions are "bans."

80. Defendants submit that the Act speaks for itself. Defendants lack sufficient information to admit or deny all other allegations. Defendants dispute that the fetal age or discrimination restrictions are "bans."

81. Defendants submit that the Act speaks for itself. Defendants lack sufficient information to admit or deny all other allegations. Defendants dispute that the fetal age or discrimination restrictions are "bans."

82. Defendants submit that the Act speaks for itself. Defendants lack sufficient information to admit or deny all other allegations. Defendants dispute that the fetal age or discrimination restrictions are "bans."

83. Defendants lack sufficient information to admit or deny the allegations.

84. Defendants lack sufficient information to admit or deny the allegations.

85. Defendants lack sufficient information to admit or deny the allegations.

86. Defendants lack sufficient information to admit or deny the allegations.

87. Defendants lack sufficient information to admit or deny the allegations.

88. Defendants submit that the Act speaks for itself. Defendants dispute that the fetal age or discrimination restrictions are "bans."

89. Denied.

90. Denied.

91. Defendants submit that the cited statute speaks for itself. All other allegations are denied.

92. Denied.

93. Denied.

94. Defendants submit that the cited statute and case speak for themselves.

95. Defendants submit that *Parenthood of Se. Pa. v. Casey* speaks for itself. Defendants lack sufficient information to admit or deny all other allegations.

96. Defendants lack sufficient information to admit or deny these allegations.

97. Defendants lack sufficient information to admit or deny these allegations.

98. Defendants lack sufficient information to admit or deny these allegations.

99. Defendants lack sufficient information to admit or deny these allegations.

100. Defendants lack sufficient information to admit or deny these allegations.

101. Denied.

102. Defendants lack sufficient information to admit or deny these allegations. Defendants submit that the Act speaks for itself and deny Plaintiffs' characterizations of it.

103. Defendants submit that the cited cases speak for themselves. All other allegations are denied.

104. Defendants submit that the Act speaks for itself. All other allegations are denied.

105. Defendants submit that the Act and statutes speak for themselves. All other allegations are denied.

106. Defendants submit that the Act and cited statutes speak for themselves. All other allegations are denied.

107. Denied.

108. Denied.

109. Denied. Defendants submit that *Women's Med. Prof'l Corp. v. Voinovich* speaks for itself.

110. Denied. Defendants submit that *Women's Med. Prof'l Corp. v. Voinovich* speaks for itself.

111. Denied.

112. Denied.

113. Defendants lack sufficient information to admit or deny these allegations.

114. Defendants lack sufficient information to admit or deny these allegations.

115. Defendants lack sufficient information to admit or deny these allegations.

116. Defendants lack sufficient information to admit or deny these allegations.

117. Admitted, though Defendants dispute that the fetal age or discrimination restrictions are "bans."

118. Denied.

119. Defendants lack sufficient information to admit or deny these allegations.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE HEREBY DENIED.**

## CLAIMS FOR RELIEF

### COUNT I
### (Substantive Due Process – Bans)

120. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 119.

121. Denied.

## COUNT II
### (Substantive Due Process – Bans)

122. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 119.

123. Denied.

## COUNT III
### (Due Process/Vagueness – Reason Bans)

124. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 119.

125. Denied.

## COUNT IV
### (Due Process/ Vagueness – Medical Emergency Affirmative Defense)

126. Defendants reallege and incorporate by reference the answers contained in paragraphs 1 through 119.

127. Denied.

## REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief prayed for in paragraph nos. A-D of their Prayer for Relief.

## Affirmative and Other Defenses

1. Plaintiffs lack standing to assert their claims.

2. Plaintiffs have failed to state a claim for relief as the Act is fully constitutional under the United States Constitution.

3. Plaintiffs' claims are non-justiciable.

4. This Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' claims.

5. No act, omission, or law, policy, practice, or custom of Defendants has deprived Plaintiffs of rights secured under the United States Constitution.

6. Defendants are entitled to, and seek herein to recover their attorneys' fees and expenses incurred in this action as provided for by 42 U.S.C. § 1988.

7. Defendants reserve their right to amend this Answer as provided by the Federal Rules of Civil Procedure in order to assert additional affirmative or other defenses or averments which might become relevant as facts are discussed.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/Alexander S. Rieger
ALEXANDER S. RIEGER
Assistant Attorney General
Public Interest Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-2408
BPR No. 029362
Alex.rieger@ag.tn.gov

/s/Charlotte Davis
CHARLOTTE DAVIS
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 532-2500
BPR No. 034204
Charlotte.davis@ag.tn.gov

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020, a copy of the foregoing Answer was filed electronically and sent to the below individuals via email. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Thomas H. Castelli
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 12160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org

Jessica Sklarsky
Rabia Muqqadam
Francesca Cocuzza
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
jsklarsky@reprorights.org
rmuqqadam@reprorights.org
fcocuzza@reprorights.org

Susan Lambiase
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4405
Fax: (212) 247-6811
susan.lambiase@ppfa.org

Anjali Dalal
Andrew Beck
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2633
adalal@aclu.org
abeck@aclu.org

/s/Alexander S. Rieger
ALEXANDER S. RIEGER

17