| | |
|---|---|
| MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CARAFEM, on behalf of itself, its physicians and staff, and its patients; DR. KIMBERLY LOONEY, on behalf of herself and her patients; and DR. NIKKI ZITE, on behalf of herself and her patients,<br>Plaintiffs,<br><br>v.<br><br>HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR.,M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; HONORABLE AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,<br>Defendants. | CIVIL ACTION<br>CASE NO. 3:20-cv-00501<br>JUDGE CAMPBELL |

## MOTION FOR A STAY PENDING APPEAL

Defendants Herbert H. Slatery III, Lisa Piercey, Rene Saunders, W. Reeves Johnson, Jr., Amy P. Weirich, Glenn Funk, Charme P. Allen, and Tom P. Thompson, Jr., in their official capacities only ("Defendants"), move this Court to stay its July 24, 2020 Order granting Plaintiffs a preliminary injunction. (*See* D.E. 42.)

When confronted with a motion to stay an order granting injunctive relief, courts in this Circuit consider "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Graveline v. Johnson*, 747 F. App'x 408, 412 (6th Cir. 2018) (quoting *Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006)). No single factor is dispositive—instead, they must be "balanced together." *Granholm*, 473 F.3d at 244. Here, taken together, these factors weigh in favor of granting Defendants' motion.

First, Defendants are likely to succeed on the merits of their appeal of this Court's July 24, 2020 Order. Section 217 is not unconstitutionally vague because its terms "because of" and "knows" have well-accepted meanings in both legal and common parlance. *See Platt v. Bd. of Comm'rs on Grievances and Discipline of Ohio Supreme Court*, 894 F.3d 235, 247 (6th Cir. 2018) (quoting *Deja Vu of Cincinnati, L.L.C. v. Union Twp. Bd. of Trustees*, 411 F.3d 777, 798 (6th Cir. 2005) (en banc)); *see also United States v. Haun*, 90 F.3d 1096, 1101 (6th Cir. 1996).

Neither are the medical-emergency affirmative defenses unconstitutionally vague because Tenn. Code Ann. § 39-11-301 permits importation of a scienter requirement. And even if the affirmative defenses are vague, the proper remedy is to sever the word "reasonable" from Tenn. Code Ann. §§ 39-15-216(e)(1) and (e)(2)(a) and 39-15-217(e)(1) and (e)(2)(a), not to enjoin Sections 216 and 217 in their entirety. *See Belle Maer Harbor v. Charter Tp. of Harrison*, 170

F.3d 553, 559 (6th Cir. 1999) (holding that proper remedy for unconstitutional vagueness was to "sever" the problematic language where ordinance contained severability clause).

This Court enjoined Section 217 based solely on Plaintiffs' vagueness challenges and did not "address Plaintiffs' argument that Section 217 operates as an unconstitutional ban on pre-viability abortions." (D.E. 41, PageID # 759.) Because Defendants are likely to prevail on the vagueness issues on appeal and there is no alternative holding that would support the injunction, the injunction should be stayed pending appeal at least to the extent it prohibits enforcement of Section 217.

With regard to Section 216, this Court concluded that the gestational-age provisions are a "ban" on pre-viability abortions. But Section 216 expressly does not ban abortion; instead, women would remain able to make the decision to abort—and to actually receive an abortion—before the applicable limits. And the Court did not consider whether the gestational-age provisions satisfy the undue burden standard. As Defendants have explained, Plaintiffs cannot establish, as they must, that any of the gestational-age provisions—particularly those that apply after 10 weeks— poses a substantial obstacle to abortion access for a "large fraction" of affected women. (D.E. 27, PageID # 349.)

Second, the equities favor a stay. The State—and its citizens—will be irreparably harmed unless a stay is issued. It is well-settled that the wrongful enjoining of a valid state action always qualifies as irreparable harm. *Abbott v. Perez*, 138 S. Ct. 2305, 2324 (2018); *Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers) (citation omitted); *Detroit Newspaper Publisher Ass'n v. Detroit Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972), *cert. denied*, 411 U.S. 967 (1973). When that concrete injury is contrasted with the speculative harms Plaintiffs have alleged in this pre-enforcement challenge, it is clear that broad injunctive relief was not justified.

*See D.T. v. Sumner Cty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) ("To merit a preliminary injunction, an injury 'must be both certain and immediate,' not 'speculative or theoretical.'" (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

## **CONCLUSION**

In sum, the Defendants are likely to succeed on the merits of their appeal, and the remaining equities militate in favor of a stay. For these reasons and those stated in the accompanying memorandum of law, the Court should stay its July 24, 2020 Order granting Plaintiffs a preliminary injunction.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/Alexander S. Rieger
ALEXANDER S. RIEGER
Assistant Attorney General
Public Interest Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-2408
BPR No. 029362
Alex.rieger@ag.tn.gov

/s/Charlotte Davis
CHARLOTTE DAVIS
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 532-2500
BPR No. 034204
Charlotte.davis@ag.tn.gov

/s/ Edwin Alan Groves, Jr.
EDWIN ALAN GROVES, JR.

4

Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-2850
BPR No. 036813
Alan.groves@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, a copy of the foregoing Motion was filed electronically and sent to the below individuals via email. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

Thomas H. Castelli
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 12160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org

Jessica Sklarsky
Rabia Muqqadam
Francesca Cocuzza
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
jsklarsky@reprorights.org
rmuqqadam@reprorights.org
fcocuzza@reprorights.org

Susan Lambiase
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4405
Fax: (212) 247-6811
susan.lambiase@ppfa.org

Anjali Dalal
Andrew Beck
American Civil Liberties Union Foundation

125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2633
adalal@aclu.org
abeck@aclu.org

/s/Alexander S. Rieger
ALEXANDER S. RIEGER