# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

MEMPHIS CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI, on behalf of itself, its physicians and staff, and its patients; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH, on behalf of itself, its physicians and staff, and its patients; FEMHEALTH USA, INC., d/b/a CARAFEM, on behalf of itself, its physicians and staff, and its patients; DR. KIMBERLY LOONEY, on behalf of herself and her patients; and DR. NIKKI ZITE, on behalf of herself and her patients,

Plaintiffs,

v.

HERBERT H. SLATERY III, Attorney General of Tennessee, in his official capacity; LISA PIERCEY, M.D., Commissioner of the Tennessee Department of Health, in her official capacity; RENE SAUNDERS, M.D., Chair of the Board for Licensing Health Care Facilities, in her official capacity; W. REEVES JOHNSON, JR.,M.D., President of the Tennessee Board of Medical Examiners, in his official capacity; HONORABLE AMY P. WEIRICH, District Attorney General of Shelby County, Tennessee, in her official capacity; GLENN FUNK, District Attorney General of Davidson County, Tennessee, in his official capacity; CHARME P. ALLEN, District Attorney General of Knox County, Tennessee, in her official capacity; and TOM P. THOMPSON, JR., District Attorney General for Wilson County, Tennessee, in his official capacity,

Defendants.

CIVIL ACTION
CASE NO. 3:20-cv-00501
JUDGE CAMPBELL

**REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

The preliminary injunction against enforcement of Tenn. Code Ann. §§ 39-15-216 and -217 should be stayed because Defendants will be able to establish on appeal that the injunction rested on legal errors and thus was an abuse of discretion. Plaintiffs' arguments to the contrary are unavailing.[1]

I. **Defendants Are Likely to Succeed on Appeal.**

   A. **Section 217 Is Not Unconstitutionally Vague and Does Not Violate the Right to Abortion.**

Plaintiffs do not seriously dispute that the terms "knows" and "because of" have well-accepted meanings. Plaintiffs' only response is to observe that cases recognizing those meanings involved "other contexts." (D.E. 51, PageID # 834-35.) But the fact that "knows" and "because of" have well-accepted meanings in a variety of contexts shows that the terms are "commonly used in both legal and common parlance" and thus belies Plaintiffs' claim that those terms are vague. *See Platt v. Bd. of Comm'rs on Grievances and Discipline of Ohio Supreme Court*, 894 F.3d 235, 247 (6th Cir. 2018)

Section 217 is not vague when its terms are considered "*in combination*" either. (D.E. 51, PageID # 833.) Defendants have already explained what Section 217 "as a whole" (*id.*) prohibits: it forbids a physician from performing an abortion when the physician knows—i.e., is actually aware—that the abortion is being sought because of—i.e., that the abortion would not have been sought but for—the unborn child's sex, race, or Down syndrome diagnosis. So construed, the

---

[1] Plaintiffs acknowledge that the Stay Motion did not raise any "new arguments." (D.E. 51, PageID # 832 n.1.) In any event, Plaintiffs are not prejudiced because they had an opportunity to respond.

1

plain language of Section 217 readily answers this Court's "questions as to what conduct is criminalized." (D.E. 51, PageID # 833.)

Even if more difficult hypotheticals could be imagined, that would not render Section 217 vague. "Close cases can be imagined under virtually any statute," *United States v. Williams*, 553 U.S. 285, 305 (2008), and the Supreme Court has "h[eld] many times that statutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language," *United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32 (1963). As *Williams* and *United States v. Paull*, 551 F.3d 516, 525 (6th Cir. 2009), recognized, the problem posed by marginal cases is "addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt." 553 U.S. at 306.

Plaintiffs contend that *Williams* and *Paull* are inapposite because the statutes at issue in those cases required knowledge of a "clear question of fact," whereas Section 217 allegedly "impos[es] criminal liability based on physicians' subjective assessments about the but-for motivations of their *patients*." (D.E. 51, PageID # 836.) Plaintiffs mischaracterize Section 217. Section 217 does not impose an "obligation to intuit the reasoning of a patient" or to "discover" anything about a "third party's decision-making." (D.E. 51, PageID # 835-36.) Rather, it imposes criminal liability only when the physician already *knows*—i.e., is actually aware—that the abortion is being sought because of a prohibited reason. Whether a physician has the requisite knowledge is a clear question of fact that the prosecution must prove beyond a reasonable doubt. Plaintiffs complain that knowledge "may be proven through circumstantial evidence." (D.E. 51 at PageID # 838). But that circumstantial evidence must still be strong enough to convince the trier of fact— beyond a reasonable doubt—that the physician knew the abortion was being sought because of the sex, race, or Down syndrome diagnosis of the unborn child.

Plaintiffs acknowledge that this Court "did not reach" their claim that Section 217 is an "unconstitutional pre-viability ban." (D.E. 51, PageID # 837.) As a result, that claim provides no basis for enjoining Section 217. Nor could it. Section 217 does not "ban" pre-viability abortions. Even if Section 217 prevented a woman from obtaining an abortion from a particular physician to whom she disclosed her reasons, it would not "ban" that woman from obtaining an abortion because she could still seek one from a different physician. Plaintiffs speculate that physicians may "receive information through a patient's medical record and physician referrals that would trigger [Section 217] without disclosure by the patient." (D.E. 51 at PageID # 838.) Yet the only "information" referenced in the cited declarations is that a woman's unborn child has been diagnosed with Down syndrome. (D.E. 34-1 at ¶¶ 2-4 and D.E. 8-3 at ¶¶ 11-13.) A physician who knows only that a woman's unborn child has been diagnosed with Down syndrome—and nothing more—does not *know* that an abortion is being sought *because of* that diagnosis.

Plaintiffs are also wrong that "[t]he constitutional analysis" for Section 217 must "focus" only on the "patients whose physicians 'know'" they are seeking an abortion for a prohibited reason. (D.E. 51 at PageID # 838.) That is like saying that the constitutional analysis for the partial-birth abortion ban at issue in *Gonzales v. Carhart*, 550 U.S. 124, 167-68 (2007), should have focused only on patients whose physicians were going to use the prohibited procedure. But the Supreme Court's focus was not so narrow; it concluded that the challenged statute did not impose an undue burden in part because "[a]lternatives [were] available to the prohibited procedure." *Id.* at 164. Alternatives are available here too. Women may simply decline to disclose their reasons for obtaining the abortion or, even if they disclose their reasons initially, seek an abortion from a different physician.

3

### B. Section 216 Does Not Violate the Right to Abortion.

Defendants do not "concede" that Section 216 "proscribe[s] nearly all pre-viability care" in the State. (D.E. 51, PageID # 837 n.3.) Even the earliest of the gestational-age provisions, which prohibits abortions after a fetal heartbeat is detected, does not prohibit "nearly all pre-viability" abortions because over 12 percent of abortions in Tennessee are already obtained before 6-weeks gestational age—the earliest point at which a fetal heartbeat can be detected. (D.E. 27 at PageID # 348.) And any analysis of the individual gestational-age provisions must take available alternatives into account, including the alternative of obtaining an abortion sooner.

### C. The Medical-Emergency Defenses Are Not Unconstitutionally Vague.

Plaintiffs do not dispute that the medical-emergency provisions in Sections 216 and 217 are affirmative defenses and not part of the offense definitions. They nevertheless contend that *United States v. Christie*, 825 F.3d 1048, 1965 (9th Cir. 2016), which found the void-for-vagueness doctrine inapplicable to an affirmative defense, is distinguishable because the affirmative defense there was not constitutionally required. (D.E. 51, PageID # 840.) That distinction is immaterial. The Ninth Circuit's reasoning did not turn on—or even mention—the fact that the defense was not constitutionally required. Moreover, the Supreme Court has held in the abortion context that "[p]lacing upon the defendant the burden of going forward with evidence on [the] affirmative defense [of medical necessity] is normally permissible." *Simopoulos v. Virginia*, 462 U.S. 506, 510 (1983). If States are constitutionally permitted to make medical necessity an affirmative defense, then there is no basis for treating that affirmative defense differently from others.

In any event, even if the affirmative defenses are unconstitutionally vague, the appropriate remedy is not to enjoin Sections 216 and 217 in their entirety. Plaintiffs' argument that elision of the term "reasonable" from the defenses would not be appropriate is deeply flawed. The relevant

4

question in applying Tennessee's elision doctrine is not, as Plaintiffs assert, whether the legislature "intend[ed] to include" the word reasonable. (D.E. 51, PageID # 842.) The question is whether "a conclusion can be reached that the legislature would have enacted" Sections 216 and 217 with the term "reasonable" omitted. *Willeford v. Klepper*, 597 S.W.3d 454, 471 (Tenn. 2020). It can, both because the legislature included robust severability provisions in Sections 216 and 217, *Gibson Cty. Special Sch. Dist. v. Palmer*, 691 S.W.2d 544, 551-52 (Tenn. 1985), and because those provisions will remain functional and capable of enforcement without the term "reasonable," *id.* at 51. For the same reasons, it is also easy to conclude that limiting any injunction to "unconstitutional applications of the statute" would not contravene legislative intent. *Planned Parenthood Cincinnati Region v. Taft*, 444 F.3d 502, 515-16 (6th Cir. 2006).

## II.     The Equities Weigh in Favor of a Stay.

Plaintiffs' contention that Defendants will suffer no harm if Sections 216 and 217 are enjoined is premised on their view that those provisions are unconstitutional. But Defendants will be able to establish to the contrary on appeal, and it is well settled that the State is harmed when it is enjoined from enforcing a valid statute. *See Maryland v. King*, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers). Plaintiffs' argument about "unreasonable delay" is wholly misplaced. (D.E. 51 at PageID # 15). The cases Plaintiffs cite are not remotely analogous to the circumstances presented here. Only one of the cases involved a one-month delay, and that delay was unreasonable only because the requested stay related to an election that was only six days away. *See Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993).

## CONCLUSION

For the foregoing reasons and those set out in Defendants' Memorandum, this Court should stay the preliminary injunction prohibiting enforcement of Sections 216 and 217.

5

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s/*Alexander S. Rieger*
ALEXANDER S. RIEGER
Assistant Attorney General
Public Interest Division
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-2408
BPR No. 029362
Alex.rieger@ag.tn.gov

/s/*Charlotte Davis*
CHARLOTTE DAVIS
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 532-2500
BPR No. 034204
Charlotte.davis@ag.tn.gov

/s/ *Edwin Alan Groves, Jr.*
EDWIN ALAN GROVES, JR.
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
(615) 741-2850
BPR No. 036813
Alan.groves@ag.tn.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Reply has been served on the following counsel of record through the Electronic Filing System on this 11th day of September, 2020:

Thomas H. Castelli
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 12160
Nashville, TN 37212
Tel: (615) 320-7142
tcastelli@aclu-tn.org

Jessica Sklarsky
Rabia Muqqadam
Francesca Cocuzza
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
Tel: (917) 637-3600
Fax: (917) 637-3666
jsklarsky@reprorights.org
rmuqqadam@reprorights.org
fcocuzza@reprorights.org

Susan Lambiase
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
Tel: (212) 261-4405
Fax: (212) 247-6811
susan.lambiase@ppfa.org

Anjali Dalal
Andrew Beck
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2633
adalal@aclu.org
abeck@aclu.org

                                        /s/*Alexander S. Rieger*
                                        ALEXANDER S. RIEGER