IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MEMPHIS CENTER FOR** ) | |
| **REPRODUCTIVE HEALTH, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:20-cv-00501 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| **HERBERT H. SLATERY, et al.,** ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are Defendants' Motion to Stay Pending Appeal (Doc. No. 47), Plaintiffs' Response (Doc. No. 51), and Defendants' Reply (Doc. No. 54). Through the Motion, Defendants request the Court stay its July 24, 2020 Memorandum and Order (Doc. Nos. 41, 42) granting Plaintiffs' Motion for Preliminary Injunction.

In reaching its determination that preliminary injunctive relief was warranted, the Court concluded Plaintiffs had shown a likelihood of success on the merits in showing Tennessee Code Annotated Sections 39-15-216 and -217 are unconstitutional; and that Plaintiffs had shown irreparable injury, in part, because "enforcement of the provisions of Sections 216 and 217 will immediately impact most patients in Tennessee who seek pre-viability abortions, and the time-sensitive nature of the procedure adds to that impact." (Doc. No. 41, at 40). The Court also pointed out that enforcement will likely result in criminal sanctions, including prison and fines, as well as licensing implications, for abortion providers. (*Id.*, at 41). That harm outweighs any harm to Defendants or to the public interest, the Court found, because neither Defendants nor the public have a strong interest in enforcing an unconstitutional statute. (*Id.*) The injunction was granted "simply [to] preserve the status quo pending trial." (*Id.*)

In deciding whether to grant a stay pending appeal, courts are to consider the following factors: "'(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.'" *Michigan State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016) (quoting *Serv. Emp. Int'l Union Local I v. Husted,* 698 F.3d 341, 343 (6th Cir. 2012)). These are essentially the same factors the Court considered in issuing the preliminary injunction.

Defendants argue they are likely to succeed on the merits of the appeal in establishing that Sections 216 and 217 are constitutional by raising many if not all the same arguments they raised in opposing issuance of the preliminary injunction. The Court fully considered those arguments in the 42-page Memorandum (Doc. No. 41), and found them to be unpersuasive. Defendants' pending motion fails to state viable grounds for the Court to revisit those conclusions. Defendants also argue the equities favor a stay because "the wrongful enjoining of a valid state action always qualifies as irreparable harm." (Doc. No. 47, at 3). To accept Defendants' argument on that point, however, requires the Court to reverse its conclusion that Sections 216 and 217 are *not* "valid." Indeed, Defendants' request for a stay essentially requires the Court to *vacate* its decision to preserve the *status quo* pending trial. Having failed to establish that the relevant factors support such a result, Defendants' Motion is **DENIED.**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE