IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MEMPHIS CENTER FOR ) <br> REPRODUCTIVE HEALTH, et al., ) <br> ) <br>    Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HERBERT H. SLATERY, et al., ) <br> ) <br>    Defendants. ) | NO. 3:20-cv-00501 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE FRENSLEY |

## ORDER

By Order entered November 24, 2020 (Doc. No. 67), the Court denied Plaintiffs' Renewed Motion for Temporary Restraining Order and/or Preliminary Injunction. Through a subsequent motion (Doc. No. 68), Plaintiffs asked the Court to clarify whether its ruling denies their request for a preliminary injunction as well as their request for a temporary restraining order. In response to the motion, the Court ordered the parties to file any supplemental materials regarding the request for a preliminary injunction (Doc. No. 69). Plaintiffs have filed a Supplemental Memorandum (Doc. No. 71), and Defendants have filed a Supplemental Response (Doc. No. 72) and a Surresponse (Doc. No. 75).

Through their Supplemental Memorandum (Doc. No. 71), Plaintiffs argue there are many ways in which physicians acquire knowledge of a prenatal diagnosis indicating Down syndrome or the potential for Down syndrome, and that acquiring this knowledge is often unavoidable. Plaintiffs explain that physicians acquire such knowledge through sources other than the patient. Plaintiffs also point out that patients may disclose the diagnosis without realizing the disclosure will prevent the physician from providing an abortion, and that seeking out other providers is generally not practical given resource and time limits. Plaintiffs have filed supplemental

declarations from Dr. Kimberly Looney, Rebecca Terrell, and Dr. Nikki Zite (Doc. No. 71-1 to 71-3).

The Court is not persuaded that preliminary injunctive relief is warranted for the reasons set forth in the Court's prior Order (Doc. No. 67). In addition, Plaintiffs' supplemental declarations do not suggest Section 217 is likely to affect a large number of patients, making preliminary injunctive relief inappropriate. (Looney Declaration ¶¶ 3, 6 (estimating she sees seven to eleven patients a year where prenatal testing suggests Down syndrome); Zite Declaration ¶ 5 (estimating that her practice has provided abortions to approximately two to three patients a year over the past five years where prenatal testing suggests Down syndrome)). *See EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 978 F.3d 418, 434 (6th Cir. 2020) ("Even if a law regulating abortion is unconstitutional in some applications, the law remains facially valid so long as it does not impose an undue burden 'in a large fraction of the cases in which [the regulation] is relevant.'").

Furthermore, Defendants reiterate their narrow interpretation of Section 217's provisions: "[A]n abortion provider who knows only that a woman's unborn child has been diagnosed with Down syndrome – and nothing more – would not violate the Antidiscrimination Provision because the provider would lack the requisite knowledge of the woman's *reason* for seeking the abortion." (Doc. No. 75, at 2). Accordingly, the Court denies Plaintiffs' renewed request for preliminary injunctive relief.[1]

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1] At the end of their brief, Defendants suggest the Court is without authority to issue injunctive relief under Fed.R.Civ.P. 62(b), which addresses the provision of bond or other security by a party seeking a stay. Given the Court's denial of Plaintiffs' request for injunctive relief, this provision does not apply.

2