**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 02, 2022

Ms. Brigitte Amiri
American Civil Liberties Union
125 Broad Street
18th Floor
New York, NY 10004

Ms. Carles Gambraie Anderson
SisterReach
2811 Clarke Road
Memphis, TN 39015

Mr. Andrew Beck
American Civil Liberties Union
125 Broad Street
18th Floor
New York, NY 10004

Mr. Christopher P. Burke
O'Melveny & Myers
7 Times Square
33rd Floor
New York, NY 10036

Mr. John J. Bursch
Alliance Defending Freedom
440 First Street, N.W.
Suite 600
Washington, DC 20001

Ms. Sarah Campbell
Office of the Attorney General of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

Ms. Alexis Rose Casamassima
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10004

Ms. Melissa Claire Cassel
O'Melveny & Myers
Two Embarcadero
28th Floor
San Francisco, CA 94111

Mr. Thomas Hauser Castelli
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212

Ms. Kelly M. Dermody
Lieff, Cabraser, Heimann & Bernstein
275 Battery Street
29th Floor
San Francisco, CA 94111

Mr. Benjamin Michael Flowers
Office of the Attorney General
30 E. Broad Street
14th Floor
Columbus, OH 43215

Mr. David E. Fowler
Law Office
1113 Murfreesboro Road
Suites 106-167
Franklin, TN 37064

Mr. Jon M. Greenbaum
Lawyers' Committee for Civil Rights Under Law
District Of Columbia
900 15th Street, N.W.
Ninth Floor
Washington, DC 20005

Mr. Mathew Hoffmann
Alliance Defending Freedom
20116 Ashbrook Place
Suite 250
Ashburn, VA 20147

Ms. Sarah A. Hunger
Office of the Attorney General
of Illinois
100 W. Randolph Street
12th Floor
Chicago, IL 60601

Ms. Kaitland Kennelly
Cooley
55 Hudson Yards
New York, NY 10001

Mr. Matthew Franklin Kuhn
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Ms. Allison Kutner
Cooley
55 Hudson Yards
New York, NY 10001

Ms. Susan Lambiase
Planned Parenthood Federation of America
Public Policy Litigation & Law
123 William Street
Floor 9
New York, NY 10038

Ms. Zhao Liu
O'Melveny & Myers
1625 Eye Street, N.W.
Washington, DC 20006

Ms. Janice Mac Avoy
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, NY 10004

Mr. Zachary Martin
Skadden, Arps, Slate, Meagher & Flom
500 Boylston Street
Boston, MA 02116

Ms. Rabia Muqaddam
Center for Reproductive Rights
199 Water Street
22nd Floor
New York, NY 10038

Ms. Caroline Pignatelli
Cooley
55 Hudson Yards
New York, NY 10001

Ms. Jen Samantha D. Rasay
Center for Reproductive Rights
199 Water Street
22nd Floor
New York, NY 10038

Mr. Stuart Sarnoff
O'Melveny & Myers
7 Times Square
33rd Floor
New York, NY 10036

Ms. Nigar Shaikh
Lieff, Cabraser, Heimann & Bernstein
275 Battery Street
29th Floor
San Francisco, CA 94111

Ms. Darina Shtrakhman
Cooley
3 Embarcadero Center
20th Floor
San Francisco, CA 94111

Jessica Sklarsky
Center for Reproductive Rights
199 Water Street
22nd Floor
New York, NY 10038

Ms. Priscilla J. Smith
Law Office
319 Sterling Place
Brooklyn, NY 11238

Ms. Ashlesha Srivastava
Mr. Marc Suskin
Cooley
55 Hudson Yards
New York, NY 10001

Ms. Rachel Thorn
Boies Schiller Flexner
55 Hudson Yards, 20th Floor
New York, NY 10001

Mr. Edward Lawrence White
American Center for Law and Justice
3001 Plymouth Road, Suite 203
Ann Arbor, MI 48105

Mr. Geoffrey M. Wyatt
Skadden, Arps, Slate, Meagher & Flom
1440 New York Avenue, N.W.
Washington, DC 20005

Ms. Tiseme G. Zegeye
Lieff, Cabraser, Heimann & Bernstein
275 Battery Street, 29th Floor
San Francisco, CA 94111

>            Re:    Case No. 20-5969, *Memphis Ctr for Repro Health, et al v. Herbert Slatery, III, et al*
>                   Originating Case No.: 3:20-cv-00501

Dear Counsel,

   The attached order designated for full-text publication was filed today in this case.

>                                   Yours very truly,
>
>                                   Deborah S. Hunt, Clerk
>
>                                   Cathryn Lovely, Opinions Deputy

cc:  Ms. Lynda M. Hill

Enclosure

RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0020p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

MEMPHIS CENTER FOR REPRODUCTIVE HEALTH; PLANNED PARENTHOOD OF TENNESSEE AND NORTH MISSISSIPPI; KNOXVILLE CENTER FOR REPRODUCTIVE HEALTH; FEMHEALTH USA, INC., d/b/a carafem; DR. KIMBERLY LOONEY; DR. NIKKI ZITE,

      *Plaintiffs-Appellees*,

    *v.*

HERBERT H. SLATERY, III; LISA PIERCEY, M.D.; RENE SAUNDERS, M.D., MELANIE BLAKE, M.D.; AMY P. WEIRICH; GLENN R. FUNK; CHARME P. ALLEN; JASON LAWSON,

      *Defendants-Appellants*.

No. 20-5969

_____

On Renewed Motion for Partial Stay of Preliminary Injunction.

United States District Court for the Middle District of Tennessee at Nashville;
No. 3:20-cv-00501—William Lynn Campbell, Jr., District Judge.

Decided and Filed:  February 2, 2022

Before:  SUTTON, Chief Judge; DAUGHTREY, MOORE, COLE, CLAY, GIBBONS, GRIFFIN, KETHLEDGE, WHITE, STRANCH, DONALD, THAPAR, BUSH, LARSEN, NALBANDIAN, READLER, and MURPHY, Circuit Judges.[*]

_____

**COUNSEL**

**ON MOTION AND REPLY:**  Sarah K. Campbell, OFFICE OF THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellants. **ON RESPONSE:**  Jessica Sklarsky, Rabia Muqaddam, Jen Samantha D. Rasay, CENTER FOR REPRODUCTIVE RIGHTS, New York, New York, Thomas H. Castelli, AMERICAN CIVIL LIBERTIES UNION,

---

[*]Pursuant to 6 Cir. I.O.P. 35(c), Composition of the En Banc Court, Judge Daughtrey, a senior judge of the court who sat on the original panel in this case, participated in this decision.

Nashville, Tennessee, Susan Lambiase, PLANNED PARENTHOOD FEDERATION OF AMERICA, New York, New York, Brigitte Amiri, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, New York, New York, for Appellees. **ON AMICUS BRIEF:** Benjamin M. Flowers, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, S. Chad Meredith, OFFICE OF THE KENTUCKY ATTORNEY GENERAL, Frankfort, Kentucky, Edward L. White III, AMERICAN CENTER FOR LAW & JUSTICE, Ann Arbor, Michigan, for Amici Curiae.

The En Banc Court of the Sixth Circuit Court of Appeals issued an order. MOORE, J. (pp. 3–6), delivered a separate opinion dissenting from the order partially granting a stay of the district court's injunction, in which DAUGHTREY, COLE, CLAY, WHITE, and STRANCH, JJ., joined.

---

## ORDER

---

UPON CONSIDERATION of defendants' renewed motion for partial stay of preliminary injunction pending appeal,

AND FURTHER CONSIDERING plaintiffs' response in opposition and defendants' reply,

IT IS ORDERED that the motion be, and it hereby is, GRANTED.

---

## DISSENT

---

KAREN NELSON MOORE, Circuit Judge, dissenting from the order partially granting a stay of district court's injunction. Tennessee enacted two sets of abortion bans. The first set of bans (the "previability bans") makes it a felony to perform an abortion at specified points in the pregnancy, all of which are before viability.[1] Tenn. Code Ann. § 39-15-216. The second set of bans (the "reason bans") makes it a felony to perform an abortion if the person "knows that the woman is seeking the abortion because of" the sex or race of the fetus or a test that indicates the fetus has Down syndrome. *Id.* § 39-15-217(b)–(d). The district court preliminarily enjoined both sets of bans, finding that the plaintiffs were likely to succeed on the merits of their claims that (1) the previability bans are unconstitutional based on *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), and (2) the reason bans are void for vagueness. *See Memphis Ctr. for Reprod. Health v. Slatery* ("*Memphis I*"), No. 3:20-cv-00501, 2020 WL 4274198, at *20–21 (M.D. Tenn. July 24, 2020). A panel of our court affirmed the district court's decision. *See Memphis Ctr. for Reprod. Health v. Slatery* ("*Memphis II*"), 14 F.4th 409 (6th Cir.), *vacated*, 18 F.4th 550 (6th Cir. 2021). A majority of the active judges of this court granted the petition for en banc review, vacating the panel opinion. *Memphis Ctr. for Reprod. Health v. Slatery*, 18 F.4th 550 (6th Cir. 2021) (Mem.).

Today, the majority votes to take two actions. First, it votes to stay the portion of the district court's order enjoining Tennessee's reason bans. Second, it refuses to hear the case until after the Supreme Court issues its decision in *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, on the grounds that the *Dobbs* decision could impact our decision on an entirely

---

[1] Subsection 216(c)(1) criminalizes performing an abortion "upon a pregnant woman whose unborn child has a fetal heartbeat." Tenn. Code Ann. § 39-15-216(c)(1). Subsections 216(c)(2)–(12) criminalize performing an abortion when the fetus's gestational age is at least 6, 8, 10, 12, 15, 18, 20, 21, 22, 23, and 24 weeks. Subsection 216(h) provides that if any provision is found to be unenforceable, the other provisions remain effective. In other words, if the six-week ban is unconstitutional, Tennessee will enforce the eight-week ban; if the eight-week ban is unconstitutional, Tennessee will enforce the ten-week ban; and so on.

No. 20-5969     *Memphis Center for Reproductive Health, et al. v. Slatery, et al.*     Page 4

separate part of the law—the previability bans.**²**  Together, these stay-and-delay tactics subvert the normal judicial process, harming both the substance of our ultimate decision and our court's legitimacy.

*Dobbs* is unlikely to address, let alone resolve, the vagueness concerns that led the district court to enjoin the reason bans.  Although the questions presented in *Dobbs* are entirely unrelated to the questions posed by Tennessee's reason bans, the majority chooses to stay indefinitely the district court's preliminary injunction of the reason bans until after *Dobbs* is decided.  For now, the majority's decision to grant a partial stay of the district court's preliminary injunction while delaying our consideration of the case has the effect of reversing a thoughtful and thorough district court opinion indefinitely—without full briefing, without argument, and without the appropriate level of consideration that an en banc case merits.  Moving forward, the effects of such tactics are even more harmful.

The only imaginable reason for delaying our consideration of this case is to give the en banc court the first chance to apply any new standard that may be laid out in *Dobbs* to Tennessee's *previability* bans.  No judge has suggested that, under existing Supreme Court precedent, these laws are even arguably constitutional.  *See Memphis II*, 14 F.4th at 438 (Thapar, J., dissenting).  If, in *Dobbs*, the Supreme Court reaffirms its precedent, there will have been no need to delay.  If, on the other hand, *Dobbs* announces a new standard governing abortion, our delay will ensure that our en banc court will be the first in our circuit to apply the new standard to Tennessee's previability bans, and perhaps to any previability bans.

If the majority ultimately decides to apply a currently unknown and undecided standard to Tennessee's previability bans—without the benefit of district court factfinding tailored to that standard—such a decision would manifest reckless overconfidence and unprincipled disregard for the normal judicial process.  Typically, a district court engages in factfinding that is tailored to the legal standard.  After it makes an appealable decision, a panel of our court hears the case.  If a majority of the active judges of this court decides that en banc review of the three-judge-panel decision is warranted, we then hear the case as a full court.  There is a good reason for this

---

**²**The majority's order does not acknowledge this delay.  Its refusal to say explicitly that it is slow rolling this case neither changes the fact that it is doing so nor makes its decision to do so any less pernicious.

order: district courts find facts; we do not. *See United States v. Ramamoorthy*, 949 F.3d 955, 963 (6th Cir. 2020) ("Courts of appeal are not equipped to decide factual questions in the first instance."). And "[p]anel decisions refine, narrow, and focus issues before the court." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 211 F.3d 853, 854 (4th Cir. 2000) (Wilkinson, C.J., concurring in the denial of initial hearing en banc).

It seems inevitable that any new standard after the Supreme Court's decision in *Dobbs* will necessitate new factfinding. In granting plaintiffs a preliminary injunction in this case, the district court considered the declaration testimony offered by both plaintiffs and defendants. *See Memphis I*, 2020 WL 4274198, at *3–12. This declaration testimony—and the district court's consideration of it—addressed the facts needed to evaluate the Tennessee law in light of the legal standard that existed at the time (and the one that still exists now). If the legal standard changes, the types of facts that the district court would use to apply the standard would also necessarily change.

Even if no factfinding is needed, it will have been improper to delay the case just so that the en banc court is the first to apply any new *Dobbs* standard. A three-judge panel is better equipped to do so. Hearing a case en banc is "a rarely satisfying, often unproductive, always inefficient process." *Mitts v. Bagley*, 626 F.3d 366, 370 (6th Cir. 2010) (Sutton, J., concurring in the denial of en banc). Without a previous panel decision applying a legal standard to the facts in a case, en banc review is even less satisfying, and more unproductive. And, in a case such as this, which will have been delayed only so that the en banc court can apply a brand new standard, it is impossible to see how en banc hearing can be constructive. Instead, the likely result of en banc hearing in the first instance will be to mangle the law of the circuit interpreting that standard. Because this will have happened on en banc hearing, our circuit's precedent will be all the more difficult to mend.

This majority's decision at this juncture showcases a growing trend among federal courts to use facially neutral mechanisms to delay the adjudication of laws that significantly impair constitutional rights. *See, e.g.*, *Whole Woman's Health v. Jackson*, No. 21-50792, __ F.4th __, 2022 WL 142193, at *6–9 (5th Cir. Jan. 17, 2022) (Higginson, J., dissenting). In the current moment, courts have confined these tactics to cases concerning abortion, but these same

No. 20-5969   *Memphis Center for Reproductive Health, et al. v. Slatery, et al.*   Page 6

mechanisms can be abused to manipulate the court process in cases involving whatever right next falls into the disfavor of a then-reigning majority. I cannot sign on to the use of such strategy to subvert the regular judicial process. Accordingly, I dissent.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk